## CATHERINE C. CLARKE *vs.* MARY A. CHARTER.

Suffolk.  March 15. — 24, 1880.  AMES & LORD, JJ., absent.

On the defendant's exception to the refusal of the judge to rule that the plaintiff's evidence was insufficient to support a verdict for him, it is not open to the defendant to object in this court that the action was prematurely brought, or to the form of the declaration, or to contend that the proofs did not correspond with the allegations.

If rent is payable in advance on the first day of the month, no demand of the rent on the day it falls due is necessary to entitle the landlord to maintain an action therefor.

CONTRACT.  The declaration was as follows: " And the plaintiff says the defendant owes her $25, for the use and occupation of a certain tenement hired of the plaintiff by the defendant."  Annexed to the declaration was a bill of particulars, in which the defendant was charged with " rent of house 31 Chapman Street, one month in advance, from May 1, 1879, to June 1, 1879, $50," and credited with " Cash, $25."  Writ dated May 29, 1879.  Answer, a general denial.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff's evidence tended to show that the defendant hired the house in question of the plaintiff, in the early part of 1878, at the rate of $600 per annum, payable $50 per month in advance, on the first day of each month; that the defendant occupied through May 1879, and paid the rent monthly, either on the first day or in the early part of each month, except in May 1879; and that, about May 5, she paid the plaintiff $25 on account of that month's rent, and had paid none since.  The defendant's evidence tended to contradict the plaintiff's only in respect to the terms of payment; and to show that the rent was not payable in advance, on the first day of each month, but that the defendant might pay it at any time during the month.  The plaintiff, on cross-examination, admitted that she did not demand the rent on the first day of each month, nor on May 1, 1879; but she testified that it might have been on May 2 that she called; that the defendant told her to come again in a few days; and that she went on May 5, and received the $25 credited in the account.

This was all the evidence in the case; and the defendant asked the judge to rule as follows: "1. The plaintiff's evidence is insufficient to support a verdict for the plaintiff. 2. All of the evidence in the case is insufficient to support a verdict for the plaintiff. 3. The plaintiff's failure to demand the rent upon the first day of the month is a waiver of her right to demand it in advance."

The judge declined so to rule; and instructed the jury that it was a question of fact for them, whether the agreement was made as the plaintiff alleged; that, if it was, the plaintiff was entitled to recover; that if it was not so made, or if there was reasonable doubt about it, she was not entitled to a verdict; and that, if the defendant agreed to pay the rent in advance, the fact that the plaintiff did not call for it on May 1 would not preclude her from recovery.

The jury returned a verdict for the plaintiff in the sum of $25; and the defendant alleged exceptions.

*J. W. Pickering*, for the defendant. 1. An action for use and occupation will not lie to recover rent due in advance, before the expiration of the month for which it is sought to be recovered. Woodf. Landl. & Ten. (11th ed.) 340. *Angell* v. *Randall*, 16 L. T. (N. S.) 498. 2. A demand not having been made, the right to recover rent in advance was waived.

*D. F. Fitz & J. H. Sherburne*, for the plaintiff.

BY THE COURT. No objection that the action was prematurely brought, nor to the form of the declaration, nor to any variance between the allegations and the proof, appears to have been made at the trial. No demand of the rent on the day it fell due was necessary to entitle the plaintiff to maintain an action therefor.　　　　　　　　　　　　　　*Exceptions overruled.*